# KAPLAN LEVENSON P.C.
## ATTORNEYS AT LAW

**630 THIRD AVENUE**
**NEW YORK, NEW YORK 10017-6705**

Tel: (212) 983-6900
Fax: (646) 766-9737
Writer's Direct Dial: (212) 842-2020
Writer's Email: smk@kaplev.com

New Jersey Office

560 Sylvan Avenue
Suite 3061
Englewood Cliffs, NJ 07632
Tel: (201) 646-9400
Fax: (201) 646-9401

**Paul R. Levenson**
**(1955-2005)**

**Steven M. Kaplan**
*Partner*

June 18, 2020

**Via ECF**

Honorable Vernon S. Broderick
United States District Judge
40 Foley Square, Room 415
New York, NY 10007

Re:   Kahn Lucas Lancaster v. Wicked Cool Toys, LLC, et al.
      **Civil Action No. 20-cv-4075**

Dear Judge Broderick:

I represent defendants Wicked Cool Toys, LLC ("Wicked Cool") and Target Corporation ("Target") in the above-referenced matter. I write to request an extension of time for all defendants to respond to the complaint until August 7, 2020. The plaintiff does not consent to the request.

By way of brief background, plaintiff asserts claims for trademark infringement against all defendants, and for breach of contract against Wicked Cool. Plaintiff and Wicked Cool were parties to a written license agreement dated March 18, 2014, whereby plaintiff licensed its mark "Dollie & Me", to Wicked Cool to use in connection with the manufacture and sale of doll houses. The plaintiff alleges that the license expired on March 31, 2015 and that, in violation of its rights, Wicked Cool continued to manufacture and sell the dollhouses following the expiration of the license. All of the defendants other than Wicked Cool are either retailers or wholesale distributors who plaintiff alleges sold the dollhouses after the license expired.

Wicked Cool has an obligation defend and/or indemnify several of the other defendants. Wicked Cool has been communicating with the other defendants, either directly or through their counsel to discuss representation, defenses and indemnity and other related issues. As of the date of this letter, my firm has been retained by Wicked Cool and Target. We expect to be retained by Flat River Group, LLC and Optimum Fulfillment, LLC shortly, and expect to be retained by at least one additional defendant. However due to delays associated with retrieving and reviewing the various vendor agreements and relevant sales materials, and corresponding

with counsel for the defendants (including without limitation to perform conflicts checks, obtain conflict waivers and establish joint retention and indemnity terms) -- and all of these processes being delayed as a result of most attorneys still working remotely -- we have not yet been able to nail down which additional defendants we will be representing, nor have we been able to adequately prepare to respond to the complaint.

Several defendants do intend to file a motion to dismiss, the full scope of which remains unsettled due to the above facts.  As of now, it appears that responses to the complaint are due as follows:[1]

June 24:  Response due from Ziluly, Inc. and Flat River Group, LLC
June 26:  Response due from Target Corporation
June 30:  Response due from Unbeatablesales.com, Overstock.com and Optimum Fulfillment
July 6:   Response due from Wicked Cool.

In order to facilitate completing the process of each defendant retaining counsel and formulating their various responses to the complaint -- and because I will be on a family vacation from July 11-18 – request is respectfully made for the Court to extend to the deadline for all defendants to respond to the complaint until August 7, 2020.

By e-mail dated June 17, 2020 (sent at 12:24 p.m.), I sought plaintiff's consent to the within request.  As of this writing, plaintiff did not respond.  This is the first request for the relief requested herein.

Thank you for your consideration of this matter.

Respectfully,

Steven M .Kaplan

cc:   counsel for plaintiff via ECF

---

[1] On June 8, 2020, in an effort to avoid the costs of service, to establish some uniformity in response dates, and to avoid the need to move for additional time, Wicked Cool and Target filed waivers of service, which would have made their answers due on August 7, 2020 (Docket No. 29).  Plaintiff objected to the filing of the waivers, asserting that it never made a request for waivers of service, and thus the 60-day period to respond to the complaint should not be available.  For the purposes of this letter only, and in an exercise of caution, Wicked Cool and Target will assume that the waiver of service that was filed did not fix the response date at August 7 in filing this letter motion.

{00147088.2 / 1494-001 }