

INTELLECTUAL PROPERTY LAW

270 Madison Ave, New York, NY 10016 | T: (212) 684-3900 | F: (212) 684-3999 | www.grr.com

Jonathan M. Purow
Principal
jpurow@grr.com

June 18, 2020

**VIA ECF FILING**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, NY 10007

    Re:    **Kahn Lucas Lancaster, Inc. v. Wicked Cool Toys, LLC., et al.
           Case no: 20-cv-4075-VSB**

Dear Judge Broderick:

    This office represents Kahn Lucas Lancaster, Inc., the plaintiff ("Plaintiff") in the above-entitled matter pending before this Court.

    We write in response to the letter motion filed by defendants Wicked Cool Toys, LLC ("WCT") and Target Corporation ("Target") (together, "Defendants") earlier today, June 18, 2020 ("Defendants' Letter Motion"), for the purpose of clarifying the facts that precipitated Defendants' letter, and to provide a position with respect to Defendants' request for an extension of time for *all* defendants to respond to the complaint.

    By way of background, Plaintiff and WCT have been in contact for months in an effort to resolve this matter. As these discussions never reached a resolution, Plaintiff saw fit to institute this lawsuit and chose, as is its right under the Federal Rules of Civil Procedure, to shoulder the cost of service of process of seven defendants in order to obtain a shorter timeline for the defendants to respond than a waiver of service allows.

    Plaintiff was therefore surprised when Defendants unilaterally filed a waiver of service of process for both Defendants on June 8, 2020. The waiver of service form that Defendants' counsel signed specifically includes the statement that Defendants' counsel "[has] received [Plaintiff's] request to waive service of summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to [Plaintiff's counsel]". As Defendants effectively admit in footnote 1 of Defendants' Letter Motion, that statement is a misrepresentation because Plaintiff never requested the waiver that would permit Defendants sixty days to respond to the complaint. While Defendants could have taken the reasonable step of approaching Plaintiff to offer to waive service prior to unilaterally filing the waiver, they did not.



Hon. Vernon S. Broderick
June 18, 2020
Page 2

      As a result, Plaintiff has attempted to file Affidavits of Service for both Target and WCT, but cannot do so properly because the ECF system automatically loads a response date of August 7 (based on the misrepresentative waiver) rather than the accurate response deadlines of June 26 and July 1 for Target and WCT, respectively.[1] Plaintiff has brought the matter of the waiver's misrepresentation, and Plaintiff's inability to file the proofs of service, to Defendants' attention repeatedly, and requested that Defendants take appropriate action to correct the record by seeking the Court's leave to withdraw the waiver. Defendants have ignored these requests.

      In addition, Defendants have made a further misrepresentation when they state in Defendants' Letter Motion that "the plaintiff does not consent" to their extension request.[2] As noted later in Defendants' Letter Motion, Defendants sent Plaintiff an email seeking its consent to the extension request yesterday June 17 at 12:24 PM. In fact, Plaintiff was in the process of preparing a response when it received the ECF notification for Defendants' Letter Motion. It is unfortunate that the Court is now being burdened to intervene in this matter, when the parties may have been able to informally resolve the matter of the extension request had Defendants exercised more patience.

      As for the extension request itself, Plaintiff is willing to stipulate to a reasonable extension of time for all defendants to respond to the complaint, through and including <u>July 10, 2020</u>. WCT is the principal defendant in this complaint, and retained its counsel at least as early as June 8, 2020 when the waivers were filed; an extension through July 10 would therefore provide more than a month to prepare the contemplated motion to dismiss, and represent an extension of nine to sixteen days for all defendants.

      Plaintiff submits that an extension through August 7, 2020 would be unreasonably long, and serve to reward Defendants' misrepresentation in the filed waiver. It would also require the Plaintiff to wait an additional six weeks from today's date to ascertain the basis of Defendant's contemplated motion to dismiss. Towards that end, while not required by the rules of the Southern District or this individual Court, Plaintiff would welcome a meet and confer with Defendants regarding the motion to dismiss, to see if the underlying issues could be addressed, if not resolved, without need for a motion.

                                                                   Sincerely,

                                                                <u>/s/ Jonathan M. Purow</u>
                                                                 JONATHAN M. PUROW

---

[1] Defendants' Letter Motion misstates WCT's response deadline as July 6. WCT was served on June 10, and as such its response deadline is twenty-one days later on July 1; see attached Affidavit of Service for WCT.

[2] Plaintiff notes that Defendants' counsel has rushed this extension request, a week before any responses to the complaint are due, *on behalf of defendants that have not retained him as of yet*.



CC: Steven M. Kaplan, Esq. (via ECF)
*Counsel for defendants Target Corporation and Wicked Cool Toys, LLC*

# AFFIDAVIT OF SERVICE

Client Ref.: 9052/005

In the United States District Court for the Southern District of New York

Civil Action Number: 1:20-cv-04075-VSB
Filed On: 5/28/2020

---

KAHN LUCAS LANCASTER, INC.

               Plaintiff(s),

vs.

WICKED COOL TOYS, LLC, et al,

               Defendant(s).

---

State of Delaware: County of New Castle ss: Adam Golden, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of Delaware.

That on 6/10/2020 at 1:26 PM., at 251 Little Falls Drive, Wilmington, PA 19808
Deponent attempted to serve the within **Summons in a Civil Action; Complaint; Exhibits 1-3; Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; Individual Rules & Practices in Civil Cases Vernon S. Broderick, United States District Judge w/Attachment A; Individual Practices of Magistrate Judge Gabriel W. Gorenstein**
On **WICKED COOL TOYS, LLC c/o Corporation Service Company**

CORPORATION: a corporation by delivering thereat a true copy of each to **Logged and Drop box** personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said individual to be thereof.

DESCRIPTION: Deponent further states that the description of the person actually served is as follows:
Gender: Race/Skin: Age: Weight: Height: Hair: Glasses: Other:

COMMENTS: **** Per the COVID-19 NO-CONTACT Policy, the documents were logged in and left in a secured bin.

Sworn to before me on 6/11/2020

NOTARY PUBLIC
Commission Expiration: FEB. 13, 2022

X _____
Adam Golden
PPLS Ref# 20-17207

Process Plus Legal Service LLC
280 S. Turnpike Drive, Suite 1, Hatboro, PA 19040